## Ex Parte C. B. Bland.

No. 21507. Delivered February 5, 1941.

The opinion states the case.

*T. R. Odell,* of Haskell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant is confined in the State penitentiary under two convictions, the first from Lynn County for a sentence of five years, and the second from Lubbock County for two years, made cumulative with the first.

It is alleged and shown that appellant has served sufficient time to be discharged under the five year sentence and he claims to be illegally held because, (a) the judgment of conviction in Lubbock County is void, being based on a void indictment; and,

(b) that the district judge of Lubbock County did not have before him evidence authorizing him to make the sentence cumulative of the five year sentence from Lynn County. It is further claimed that he has earned overtime which had been allowed him and that this was arbitrarily and illegally deducted from his credits. The trial court held against this contention and we think properly so under the record as it is before us.

Appellant had served part of his time in the penitentiary and was on a six months' reprieve, or furlough, at the time of the commission of the second offense. He was then returned to the penitentiary on his five year sentence, at which time his good rating was taken from him. Later it was restored without restoring his credit for overtime. It is sufficient to say that this process, whatever was taken, is not sufficiently definitely shown that we may be able to tell from the record whether or not it was in compliance with law and the rules in pursuance thereof. Consequently, it will not be further considered.

Appellant's chief complaint is lodged against the indictment returned in Lubbock County. That case was appealed to this court and, upon the showing in the transcript, was reversed because of the error as set out and complained of herein. Upon the State's motion and its showing that the transcript was in error and that the indictment contained the necessary averment which had been omitted by the clerk in copying it, this order was set aside and thereupon the case was affirmed. The judgment at that time likewise made the sentence cumulative and was before us in the record.

Practically all officers of the court testified to the contents of the original indictment which has been lost from the record, and appellant's then attorney testified that the omitted averment was in the copy of the indictment delivered to him and by him transmitted to the appellant. Appellant produced on the trial of the case a photostat copy of the carbon copy of the indictment delivered to him which, he claims, did not contain such averment, but admitted that he had sent the copy itself beyond the bounds of the State so that it is not within reach of the court. He knows where it is, but declined to produce it. No discussion of this situation could help his case, and there is no reasonable basis for his contention. It is sufficient to say that the question of the indictment and the judgment of the trial court making the sentence cumulative were matters properly to be brought before this court on the original appeal and, consequently, we do not feel called upon at this time to consider

them. In view of the fact, however, that appellant has persistently presented these matters to different courts and caused the State to go to the trouble and expense of transporting him for other hearings, and with the prospects of his continued efforts, we may observe that there is nothing in the record which will sustain his contention on either of these two questions and they may be considered adjudicated against him.

It is further insisted that the judgment is void and may be attacked at any time. Under the allegations, if proven, the judgment would, at most, be voidable and not void. We do not mean by this to indicate that it is voidable even. It is uniformily held that the courts will not resort to the evidence of the case to determine whether or not it is void, and only matters appearing in the record will be considered. Tex. Jur. Vol. 3, Sec. 571 to 574, p. 808.

The judgment of the trial court is affirmed.